GEORGE DISPEAU *vs.* FIRST NATIONAL BANK OF PAWTUCKET.

PROVIDENCE—NOVEMBER 28, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1)  *Equity.   Duress.*

Complainant's property was advertised for sale under execution on a judgment in favor of respondent.   The sale had been pending for six months on complainant's request for postponement, and further postponement was refused unless complainant would agree to amount claimed to be due and give a note and other security therefor, with a year's time for redemption.   Two days after the agreement complainant executed the

note and mortgage on certain property for sum claimed by respondent. He thereafter paid the interest due quarterly in advance for the following year in accordance with agreement. In June, 1894, the debt not having been paid, respondent sold the property, as provided, upon default. On bill seeking to reopen the account and to set aside judgment and mortgage on the ground of coercion :—

*Held,* that, as no fraud was charged and complainant signed the paper, knowing what it was, and repeatedly ratified the agreement by paying interest as well as by executing the mortgage, no coercion nor duress was shown.

(2)  *Laches.*

*Held,* further, that the facts showed that complainant had been guilty of laches. ·

(3)  *Duress.   Waiver by Ratification.*

*Semble,* that had there been duress in the case it would have been waived by subsequent ratification.

BILL IN EQUITY seeking to open an account and set aside a judgment and mortgage, and for an account and to redeem. Heard on bill, answer, and proof, and bill dismissed.

STINESS, C. J.   The agreement of settlement dated December 20, 1892, which is the controlling factor in this case, was signed by the complainant, as also were the note and mortgage and other papers of that date, knowing what they were and the effect of them.   The complainant's contention is that they were signed under coercion—which consisted in a statement, by the president of the respondent bank, that, unless such settlement should be agreed to at that time by the complainant, his property would be sold.

(1)   The testimony shows that the complainant's property was then advertised for sale under an execution on a judgment, in favor of the respondent, for $24,038 and costs.   The sale had been pending about six months, on the complainant's request for postponement, and further postponement was refused unless the complainant would agree to the amount claimed to be due and give a note and other security therefor, with a year's time for redemption, upon which the sale under execution was to be discontinued.   These were the substantial terms of the agreement.

The respondent claimed that the sum due was $27,833, ac-

cording to an account produced at the time. Two days after the agreement, the complainant executed the note and mortgage on certain property for that sum. After this he paid the interest due on said mortgage quarterly in advance, for the following year, strictly in accordance with the terms of the mortgage and agreement.

In June, 1894, the debt not having been paid, the respondent sold the property, as provided upon default.

We do not think the complainant shows a case of coercion.

The account had been running for many years, and the respondent had repeatedly demanded a settlement. The complainant disputed both the judgment and account.

The complainant testifies that he read the papers; that he could have had from Thursday to Saturday to have his account audited; and that he signed the papers to save a sale of his property.

There had been ample time for him to bring the matters in dispute to an adjudication, if he had seen fit to do so. He had several interviews with officers of the bank other than Mr. Arnold; he consulted counsel from time to time, and at his request his account was examined by expert accountants. He signed the "adjustment of accounts and indebtedness," knowing what it was. No fraud is charged or shown in procuring his signature to the agreement. He repeatedly ratified the agreement by paying interest on the agreed amount, as well as by executing the mortgage two days after the agreement.

These facts, instead of showing coercion, show the absence of it.

It is neither coercion nor duress to threaten, or to do, what one has a right to do. Payment of money, even upon a disputed claim, to avoid a pending or threatened suit or sale, when a creditor has an apparent right to sue or sell, does not make the payment voidable. As stated by Parsons, C. J., in *Watkins* v. *Baird*, 6 Mass. 506, "If a man, supposing that he has cause of action against another, by lawful process cause him to be arrested and imprisoned, and the defendant voluntarily execute a deed for his deliverance, he cannot avoid

such deed by duress of imprisonment, although in fact the plaintiff had no cause of action." In *Hillborn* v. *Bucknam*, 78 Me. 482, the court said : "It is not duress for one who believes that he has been wronged, to threaten the wrong doer with a civil suit." See also *Clark* v. *Turnbull*, 47 N. J. L. 265 ; *State* v. *Davis*, 79 N. C. 603 ; 10 Am. & Eng. Ency. Law, 2nd ed. 344.

Much less can it be called coercion or duress for one to threaten to proceed with an execution sale, which has been postponed for months at the debtor's request, unless a satisfactory adjustment is made.

(3)   If there had been duress in this case, it would have been waived by subsequent ratification. *Ferrari* v. *Board*, 24 Fla. 390 ; 6 Wait Act. & Def. 660 ; 10 Am. & Eng. Ency. Law, 2nd ed. 337.

(2)   This suit might also be denied upon the ground that the complainant had a year and a half after default, and before the sale, in which to bring a bill, but he did not do so ; nor did he bring this bill until five and a half years after the sale of his property, when Arnold, with whom the business had chiefly been done on the part of the bank, had become incapacitated as a witness by sickness. Said Arnold died before the taking of testimony in this suit.

Where one has negligently slept upon his rights to the manifest disadvantage of a defendant, he cannot enforce a claim in equity. *Taylor* v. *Slater*, 21 R. I. 104. *Chase* v. *Chase*, 20 R. I. 202.

The bill is dismissed.

*A. M. Eaton, Geo. B. Barrows, A. C. Matteson*, for complainant.

*Tillinghast & Tillinghast*, for defendant.