## STATE *vs.* FRANK A. PASCALE.

JULY 23, 1957.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

184

PAOLINO, J. This is a complaint and warrant charging the defendant with a traffic violation in the city of Pawtucket. After a trial in the superior court, he was found guilty by a justice thereof sitting without a jury. Thereafter the defendant duly prosecuted his bill of exceptions to this court.

The bill contains fifteen exceptions, including exceptions to the ruling of the trial justice denying his motion to quash the complaint and warrant, to the ruling denying his motion to strike out certain parts of the evidence, and to the decision finding defendant guilty as charged. The defendant has expressly waived several of his exceptions and has briefed and argued the remaining exceptions. However, his main contention is in substance that both the Pawtucket traffic ordinance, hereafter sometimes called the ordinance, and statute which defendant is charged with violating are unconstitutional and void because they delegate rule-making power to a police officer without standards, limita-

tions or criteria in contravention of specific provisions of our federal and state constitutions.

On the record before us, we are of the opinion that the case can be decided without passing upon the constitutional questions referred to above. It is well settled that this court will not decide a constitutional question raised on the record when it is clear that the case before it can be decided on another point and that the determination of such question is not indispensably necessary for the disposition of the case. *State* v. *Berberian,* 80 R. I. 444, 445.

The complaint and warrant under which defendant was convicted alleged in substance that at Pawtucket he "Did willfully fail or refuse to comply with a lawful order or direction of a Police Officer invested by law with authority to direct, control or regulate traffic, in violation of Section #3 of Article #21 of Motor Vehicle Code Act as amended. Chap. 2595 of P. L. 1950 & Chap. 650 of City Ordinances of Pawtucket, approved April 6, 1951, Section 57, paragraph 2, on Main Street, a public highway of the City of Pawtucket."

The record thus shows that the complaint charges defendant with violating both the Pawtucket "obedience" ordinance and the state "obedience" statute. The pertinent provision of the Pawtucket traffic ordinance is as follows: "It is ordained by the City Council of the City of Pawtucket, as follows: * * * Sec. 57. * * * The driver of a vehicle shall comply with any lawful order, signal or direction of a police officer * * *." Public laws 1950, chap. 2595, art. XXI, sec. 3, provides: "Obedience to police officers.—No person shall willfully fail or refuse to comply with any lawful order or direction of any police officer invested by law with authority to direct, control, or regulate traffic."

There is no substantial dispute concerning the facts pertinent to the issues raised in this case. On the day and at the time charged defendant was operating his automobile easterly on Main street in the city of Pawtucket. Main

street runs east and west. A police officer was directing traffic while standing in a police box at the center of the intersection of Main street and Roosevelt avenue, which runs north from Main street. As the defendant approached the police officer, he signaled for a left turn into Roosevelt avenue. The police officer ordered defendant to proceed straight on Main street. The defendant refused to do so and was thereupon arrested.

The police officer testified in substance that the alleged violation took place at about 5 p.m. and that "The traffic was so heavy at that time that I was allowing no left turns on anything traveling east on Main street and then traveling north on Roosevelt. * * * Conditions were such that I didn't think it warranted it." The record also shows that both Roosevelt avenue and Main Street are two-way streets. It is important to observe at this point that the record fails to disclose the existence of any city ordinance or state law prohibiting or regulating left turns at the intersection or location in question.

On this state of the record defendant contends that the second paragraph of sec. 57 of the traffic ordinance under which defendant was charged and convicted is inconsistent with sec. 3 of the Motor Vehicle Code Act and is therefore void. We agree with this contention. Article XXI, sec. 3, declares unlawful any *willful* failure or refusal to comply with any lawful order of a police officer. The pertinent provision of sec. 57 of the ordinance, however, makes unlawful *any* failure or refusal to comply, thus making disobedience a crime whether the noncompliance is willful or not, and consequently extending and broadening the scope of art. XXI, sec. 3.

It is clear that the portion of the ordinance in question is in conflict with art. XXI, sec. 3, and violates sec. 7 of this article which provides in part that "no local authority shall enact or enforce any ordinance, rule, or regulation in conflict with the provisions of this act unless expressly au-

thorized herein." We are of the opinion that the pertinent provision of sec. 57 of such ordinance is void, since it is in conflict with the above-quoted provision of the statute, and that the trial justice erred in failing to quash that portion of the complaint and warrant which charged defendant with violation of such ordinance. *Wood* v. *Peckham*, 80 R. I. 479. On the record before us, therefore, the conviction of defendant for a violation of an alleged offense which does not exist under the law is unlawful. *State* v. *Berberian, supra.*

The question remains, however, whether defendant's conviction can be sustained on the ground that he is guilty beyond a reasonable doubt of violating the provisions of P. L. 1950, chap. 2595, art. XXI, sec. 3, which the complaint and warrant also charges.

We shall now consider defendant's exception to the decision of the trial justice, which is numbered 15. Section 8 of art. XXI, *supra,* empowers local authorities, with respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power, to regulate traffic by means of police officers or traffic-control signals. It is clear, therefore, that the legislative body of the city of Pawtucket has the power and authority to enact proper legislation prohibiting or regulating left turns at the location in question and investing police officers with authority to direct, control or regulate traffic in accordance with reasonable standards set forth therein. The instant record fails to disclose the existence of any such ordinance or any specific authority, state or local, empowering the police officer to prohibit a left turn at the location in question.

It is true that sec. 2 of art. XXI, *supra,* makes it unlawful for any person to do any act *forbidden* or fail to perform any act *required* by statute. However, there is nothing in this record showing that a person is forbidden by the provisions of the Motor Vehicle Code Act from making

such left turn; nor is there anything in the act which required defendant to drive his motor vehicle in a straight direction along Main street, unless the order of the officer had the force of law. In our opinion such order was not lawful in the circumstances of this case.

Section 3 of art. XXI provides: "No person shall willfully fail or refuse to comply with any *lawful* order or direction of any police officer *invested by law* with authority to direct, control, or regulate traffic." (italics ours) As we have already stated, the instant record fails to reveal the existence of any legislation, state or local, making it unlawful for the defendant to make a left turn at the location in question or requiring him to refrain from so doing; nor is there anything here which shows that the police officer in question had been vested with authority to require him to refrain from doing that which was clearly lawful.

Although the record fails to disclose the existence of a real emergency at the location of the alleged violation, we have no doubt that the action of the police officer was inspired by his devotion to duty and by a desire to expedite traffic as he thought best in the circumstances existing at the time. Therefore, while we do not condemn his motives and although we feel that the defendant, in the circumstances, could have complied with the officer's order with little or no inconvenience to himself in a spirit of civic cooperation, nevertheless, on the record before us, it is our opinion that the officer's order to the defendant did not have the force of law.

A police officer is vested by law with authority to direct, control and regulate traffic only to the extent that he has the duty and responsibility to execute and enforce traffic regulations duly enacted and promulgated by a proper legislative body, state or local. Under our system of government he cannot legislate himself no matter how worthy his motives may be. In our opinion, therefore, the trial justice erred in finding the defendant guilty. In view of

this conclusion we deem it unnecessary to consider the defendant's other contentions.

The defendant's fifteenth exception is sustained, and the case is remitted to the superior court with direction to enter an order dismissing the complaint and warrant and discharging the defendant.

FLYNN, C. J., did not participate in the decision.

*William E. Powers,* Atty. Gen., *John F. O'Connell,* Special Counsel, for State.

*Aram K. Berberian,* for defendant.