RALPH B. CICCHETTI *et al. vs.* JOHN ANDERSON, *Chief of Police.*

OCTOBER 28, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This bill in equity was brought to enjoin the respondent chief of police of the town of East Green-wich, his agents and servants, from enforcing a traffic ordi-

nance and the rules and regulations thereunder which prohibit through traffic on certain public highways in that town. The complainants are members of the general public who use such highways for vehicular traffic. After a hearing in the superior court on bill, answer and proof, a decree was entered denying and dismissing the bill. The cause is before this court on the complainants' appeal from that decree.

The following pertinent facts appear in the record. In 1948 the town council enacted ordinance XC pertaining to traffic signs and signals. Section 1 authorizes and empowers the police department to place and maintain all official traffic signs and signals. Section 2 makes it unlawful for any operator to disobey the instructions of any such traffic signs or signals. Section 3 provides that a violation of the ordinance or any rule or regulation made by the police department pursuant thereto shall constitute a misdemeanor, punishable upon conviction by a fine for each offense. Briefly, the ordinance purports to delegate to the police department the authority to promulgate traffic rules regulating vehicular traffic on the public highways of the town.

It appears from the evidence that pursuant to the authority purportedly vested by such ordinance, respondent and his predecessors in office promulgated rules and regulations prohibiting through traffic during the hours from 4 to 5:30 p.m. on certain residential streets. Traffic signs instructing the general public of the closing of such streets to through traffic during those hours were set up by the police department. As far as the record discloses no ordinance has been enacted by the town council closing the streets in question to through traffic. It is admitted that the streets had been closed to through traffic by the police department in order to regulate and control the heavy traffic from Quonset Point Naval Air Station during the rush period between 4 and 5:30 p.m. and to keep such traffic away from the residential streets and on the state highways.

Despite the existence of said ordinance and the rules and regulations promulgated thereunder, complainants operated vehicles over the streets in question. As a result thereof several of them have been prosecuted for violating the ordinance and regulations. It is undisputed that Main street in East Greenwich is congested during the hours in question because of the heavy traffic from Quonset Point Naval Air Station. The complainants admit that they desired to use the streets designated "No Through Traffic" in order to avoid the traffic congestion on Main street. It is also admitted that the use of such streets by complainants caused a serious traffic hazard to the residents thereof.

The complainants contend that the ordinance and the rules and regulations made thereunder are unconstitutional. They also contend that sec. 3 thereof violates general laws 1956, §31-12-3, and that it is inconsistent with the decisions of this court in *State* v. *Berberian,* 80 R. I. 444, and *State* v. *Pascale,* 86 R. I. 182, 134 A.2d 149. In their bill they allege that they do not have a clear, adequate and complete remedy at law; that enforcement of the alleged unconstitutional ordinance, rules and regulations clearly results in direct and irreparable injury to their property or property rights; and that consequently a court of equity has jurisdiction to enjoin the enforcement thereof.

The trial justice found that complainants have an adequate remedy at law; that the case falls within the well-established rule that equity will not interfere with the enforcement of the criminal law; that none of the well-recognized exceptions to such rule applies; and that enforcement of the ordinance and regulations will not directly cause irreparable injury to the property or property rights of complainants. We are of the opinion that the trial justice did not err in making such findings.

It is well established that equity will not entertain jurisdiction where there is an adequate remedy at law. As was stated in *Blackstone Hall Co.* v. *Rhode Island Hospital*

*Trust Co.,* 39 R. I. 69, at page 78: "The adequate remedy at law which will deprive a court of equity of jurisdiction is a remedy as certain, complete, prompt and efficient to attain the ends of justice as the remedy in equity." The complainants have such a remedy at law. They can raise the question of the unconstitutionality of the ordinance and regulations under attack if and when they are prosecuted for a violation thereof. The remedy so available is clear, adequate, and complete.

There is no merit in complainants' contention that they will be harassed by a multiplicity of prosecutions if they continue to use such streets as they claim they have a right to do. They base this claim on respondent's testimony that he will enforce such ordinance and regulations until reversed by higher authority. Furthermore their contention that they have no adequate remedy at law because the district and superior courts cannot with finality determine the constitutional question involved is without merit and requires no further consideration, at least not until it more clearly appears that complainants are actually being subjected to harassment notwithstanding a judicial determination in their favor in a case at law arising under the alleged invalid ordinance. See *Conte* v. *Roberts,* 58 R. I. 353, 360.

The complainants concede the general rule that equity has no jurisdiction to enjoin the enforcement of the criminal law. But they argue that the case at bar is governed by certain exceptions to such general rule. They cite *Conte* v. *Roberts* to support their contention. In our opinion the case at bar does not come within the exception set forth in that case. There the court stated at page 360: "It is well established that equity, as a general rule, has no jurisdiction or power to interfere by injunction with the proper administration and enforcement of a valid criminal statute. Certain distinctions, or so-called exceptions, from this general rule are perhaps now universally recognized; but it is only where the statute or ordinance is unconstitutional or

otherwise void, and where the attempt to enforce such a void statute or ordinance would clearly result in a direct and irreparable injury to property or property rights, that an injunction will issue to restrain the enforcement thereof. Both of these elements are indispensable, and the latter element is not present where it appears that the injury or loss to complainant's business or rights of property would be only such as would incidentally flow from the arrest and prosecution thereunder. See 32 C.J. 279-281, §§443, 444."

The complainants have no property or property rights in the public highways of East Greenwich. Therefore the instant case is not governed by *Wolfe* v. *City of Providence*, 77 R. I. 192, which they cite. The *Wolfe* case involved property rights of abutting landowners. Here complainants are not abutting property owners. They are members of the traveling public. As such, their right in the public highways of the town is merely an easement of passage. *Wolfe* v. *City of Providence*, *supra*, at page 202; *Newman* v. *Mayor of Newport*, 73 R. I. 385, 392. An easement of passage is not property or a property right. See *Rhode Island Hospital Trust Co.* v. *Hayden*, 20 R. I. 544, at page 548, where the court quoted with approval the following statement from Angell on Highways (3d ed.), at page 429: "An easement is a privilege, service, or convenience in the estate of another, by grant or prescription, and comprises no interest in the thing itself."

Since the complainants have no property or property rights in the public highways of the town, they clearly do not come within the exception to the general rule that equity will not interfere with the enforcement of the criminal law. There is no merit in complainants' contention that the decision in *Berberian* v. *Lussier*, 87 R. I. 226, 139 A.2d 869, vests the holder of a license to operate a motor vehicle with any property rights in the public highways of this state. That case, therefore, is not in point. However, nothing said herein is to be understood as implying

that the ordinance under which respondent is acting is valid or invalid. That question remains to be determined in a proper proceeding at law.

The complainants' appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Pontarelli & Berberian, Aram K. Berberian,* for complainants.

*Clinton G. Clough,* Town Solicitor of East Greenwich, for respondent.