279 A.2d 445.

STERLING ENGINEERING & CONSTRUCTION CO., INC. *vs.*
TOWN OF BURRILLVILLE HOUSING AUTHORITY.

JULY 16, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J.   This is the plaintiff's appeal from an order of the Superior Court denying its petition that the defendant Authority be directed to arbitrate a contract dispute pursuant to the pertinent provisions of G. L. 1956, chap. 16 of title 37, the Public Works Arbitration Act.

On or about August 16, 1967, plaintiff, a building contractor, and defendant entered into a written contract for

the construction by plaintiff of a 76-unit housing project which would service the elderly. The contract price was in excess of a million dollars. The contract specifically charged the Authority with the responsibility of delivering possession of the project site to the contractor free of all tenants prior to the date scheduled for the commencement of construction. Construction began but was hindered because of the Authority's inability to evict a property owner who continued to occupy a portion of the site. The plaintiff instituted this suit to recover damages for the additional costs it sustained because of its inability to begin the work as scheduled.

The contract in question contains no provision for arbitration. The contractor, however, maintains, that an arbitration provision is included in the August 1967 agreement as a matter of law because of certain provisions of The Public Works Arbitration Act. The trial justice found the legislation to be ambiguous in several respects and therefore would not direct the Authority to arbitrate the controversy.

As noted before, the parties executed their contract in August 1967. Section 37-16-2(b) provides that all so-called public works contracts executed on and after July 1, 1967, having a contract price of $10,000 or more, *shall* contain a provision for the arbitration of all disputes arising out of the contract. The statute then goes on to set forth in detail the requisite arbitration clause. Since §37-16-2 is most pertinent to this appeal, it is set forth in its entirety in the appendix to this opinion. The trial justice observed that §37-16-2(b) appeared to make the present contract between Sterling and the Housing Authority subject to compulsory arbitration. However, he went on to read §§37-16-5, 6 and 7 and found an ambiguity in the Act which prompted him to deny Sterling's petition for arbitration.

Section 37-16-5 states that the parties *entering into a con-*

*tract calling for arbitration* shall be deemed to have submitted to the Superior Court's jurisdiction to enforce the arbitration provision and any subsequent award. Section 37-16-6 provides that if the court finds that *a written contract calling for arbitration* was made, the court's order shall direct the parties to proceed with arbitration. Finally, §37-16-7 stipulates that *if the contract calling for arbitration* specifies the method of the appointment of arbitration, such method will be followed. If no method is provided for, this section reads that the parties may choose a method and if they disagree, the Superior Court shall appoint an arbitrator. The trial justice took cognizance of the repeated references to a "contract calling for arbitration" and concluded that his power to order the parties to arbitrate their dispute was conditioned upon the inclusion of an arbitration clause in their August 1967 agreement. Since the August 1967 agreement was completely silent as to arbitration, the trial justice ruled that he could not compel the Housing Authority to take its dispute out of the courtroom and bring it to the arbitration table. This action was erroneous.

The trial justice, in his analysis of The Public Works Arbitration Act, has overlooked the point that §37-16-2 consists of two parts—§37-16-2(a) and §37-16-2(b). Section 37-16-2(a) relates to any public works contract entered into between January 1, 1962 and June 30, 1967.[1] If such an agreement contains an arbitration clause, §37-16-2(a) states it can be enforced. It is clear that one portion of the act which the trial justice referred to as negating the mandatory terms of §37-16-2(b) is designed to flesh out and implement an arbitration clause which might be found in an agreement executed during the time interval encompassed by §37-16-2(a), no matter how inartistically drawn the clause might be. Accordingly, if the draftsman of a pre-

[1]The Public Works Arbitration Act became effective on May 25, 1967.

July 1, 1967 contract calling for arbitration had failed to delineate a procedure for the selection of arbitrators, §37-16-7 would fill such a gap.

When one puts the two different provisions of §37-16-2 in their proper perspective, there is no ambiguity. It is clear that as of July 1, 1967, all public works contracts executed thereafter were to contain the specific arbitration clause which is found in §37-16-2(b). This subsection sets out in full detail the method for initiating arbitration, the selection of arbitrators, the time for the hearing and the deadline for the rendering of an award. When the Legislature in §§37-16-5 and 6 alluded to the entering into contracts calling for arbitration, it did so on the assumption that its mandate would be obeyed and that all public works contracts executed on and after July 1, 1967, would contain the arbitration clause set forth in the statute.

While the record does not disclose the reason or reasons for the absence of the required arbitration clause in the subject agreement, the legislative mandate cannot be ignored. It is a fundamental rule that all contracts are made subject to any law prescribing their effect or conditions to be observed in their performance. The statute is as much a part of the contract as if the statute had been actually written into the contract. This is so even though the parties knew nothing of the statute and did not include the provision or even though they knew of the legislation and expressly agreed upon the exact contrary. *Saffore* v. *Atlantic Casualty Ins. Co.*, 21 N. J. 300, 121 A.2d 543; *In re Estate of Havemeyer*, 17 N.Y.2d 216, 217 N.E.2d 26; 3 Corbin, *Contracts* §551 at 200-201. We therefore find that the arbitration clause delineated in §37-16-2(b)[2] is included as a matter of law within the terms of the August 16, 1967 contract.

---

[2]We have previously considered other sections of chap. 16 of title 37 which provide a judicial review of an arbitration award. *See, Joseph P. Cuddigan, Inc.* v. *Dimeo Constr. Co.*, 106 R. I. 583, 261 A.2d 850.

The plaintiff's appeal is sustained.  The judgment appealed from is reversed.

## APPENDIX

"37-16-2.  Provision for arbitration.—(a) A provision in a written contract executed on or after January 1, 1962, for the construction, alteration, repair or painting of any public building, one (1) party to which is the state, a city, a town, or an authority, a board, a public corporation or any similar body created by statute or ordinance or any committee, agency or subdivision of any of them, to settle by arbitration any dispute or claim arising out of or concerning the performance or interpretation of the contract shall be valid, irrevocable, and enforceable, save upon grounds existing in law or equity for the revocation of such contract.

"(b) Every contract for the construction, alteration, repair or painting of any public building, one (1) party to which is the state, a city, a town, or an authority, a board, a public corporation or any similar body created by statute or ordinance or any committee, agency or subdivision of any of them which has a contract price of ten thousand dollars ($10,000) or more and which is executed on or after July 1, 1967, shall contain a provision for arbitration of disputes and claims arising out of, or concerning the performance or interpretation of, the contract as follows:

" 'All claims, disputes, and other matters in question arising out of or relating to this contract or the performance or interpretation thereof shall be submitted to arbitration.  Arbitration shall be commenced by a demand in writing made by one (1) party to the contract upon the other within a reasonable time after the dispute, claim, or other matter in question arose but in no event after payment in full of the contract price has been made and accepted.  The written demand shall contain a statement of the question to be arbitrated and the name of the arbitrator appointed by that party.  The other party to the contract within ten (10) days of the receipt of the written demand shall appoint an arbitrator and give notice in writing thereof to the party who commenced arbitration.  The two (2) arbitrators appointed by the parties shall within ten (10) days of the date of the appointment of the second arbitrator select a third

arbitrator who shall be designated as chairman and who immediately shall give written notice to the parties of his appointment. The third arbitrator shall select a time, date, and place for hearing and give each party five (5) days notice in writing thereof. The date for hearing shall not be more than fifteen (15) days after the date of appointment of the third arbitrator. The arbitrators shall render their award in writing to each of the parties not more than thirty (30) days after the date hearing shall commence unless the parties shall otherwise agree in writing. In the event the party of whom arbitration is demanded shall fail to appoint his arbitrator within the time specified or the two (2) arbitrators appointed by the parties are unable to agree on an appointment of the third arbitrator within the time specified, either party may petition the presiding justice of the superior court to appoint a single arbitrator who shall hear the parties and make an award as provided herein. The petitioner shall give five (5) days notice in writing to the other party before filing his petition.' "

*Adler, Pollock & Sheehan, Peter L. Kennedy,* for plaintiff.

*Vincent J. Baccari,* for defendant.