Joseph J. McGEE

v.

Walter E. STONE et al.

No. 85-160-Appeal.

Supreme Court of Rhode Island.

March 17, 1987.

Thomas E. Hefner, Fogarty & Hefner, Greenville, for plaintiff.

Stephen J. Reid, Jr., Thomas J. McAndrew, Powers & McAndew, Providence, for defendant.

## OPINION

SHEA, Justice.

This case is before the court on plaintiff's appeal from a judgment of the Superior Court granting the defendant's motion for summary judgment. We affirm.

In March 1982 a departmental hearing was convened before a State Police Board of Officers to hear charges brought against plaintiff by defendant Walter E. Stone, in his capacity as superintendent of the Rhode Island State Police. The charges stemmed from an alleged attempted larceny and larceny under $500. As a result of the hearing the board of officers made a number of recommendations including that plaintiff be suspended for nine months and be placed on departmental probation until August 1984.

On or about April 6, 1982, plaintiff executed a waiver admitting guilt to the charges and agreeing to accept certain conditions as follows:

"1. I hereby waive all rights I may have to notice, a hearing and/or appeal of this matter.

"2. I hereby agree to be placed on probationary status from Monday, April 6, 1982 through August 17, 1984.

"3. I realize that during my probationary status, I shall be serving at the sole discretion of the Superintendent of the Rhode Island State Police and may be dismissed from my employment with the Rhode Island State Police, by him, for any reason whatsoever without right to appeal or challenge thereof.

"4. Should I be dismissed within the probationary period noted herein, I hereby knowingly and voluntarily waive any and all rights that I may have now, and in the future, to contest the dismissal. This waiver of rights includes, but is not limited to, any rights I may have under the terms and conditions of the collective bargaining agreement between Lodge 25 and the State of Rhode Island, the Departmental Rules and Regulations, the so-called Law Enforcement Officers Bill of Rights (Title 42, Chapter 28 R.I.G.L.) or any other legal, equitable, due process, statutory or contractual rights.

"5. I hereby agree to work one additional day each week without additional compensation until further order of the superintendent.

"6. I hereby agree to be transferred from the State Police Lincoln Woods barracks to another barracks as determined by the superintendent.

"7. Upon successful completion of the probationary status, it is agreed that I shall be restored to my position with all rights and privileges attendant thereto, and enjoy as a member of the Rhode Island State Police."

The plaintiff was represented by counsel throughout the departmental hearing. Although plaintiff's counsel was not present when plaintiff signed the waiver, he subsequently approved plaintiff's execution of the waiver, calling it "lenient and apropos concerning the circumstances of the case."

The plaintiff served as a state trooper under the terms of the waiver for approximately eighteen months. Owing to further indiscretions, and in conformity with the terms of the waiver, defendant terminated plaintiff's employment by means of a letter dated November 25, 1983. Since plaintiff was serving on probationary status and the waiver provided for dismissal for any reason whatsoever without recourse, plaintiff was dismissed without a hearing required by the Law Enforcement Officers' Bill of Rights, G.L.1956 (1977 Reenactment) chapter 28.6 of title 42. The plaintiff brought

suit against the superintendent, alleging that the waiver under which he was dismissed was invalid. The plaintiff now appeals from the grant of defendant's motion for summary judgment by the Superior Court.

A motion for summary judgment should be granted only if an examination of all pleadings, affidavits, admissions, answers to interrogatories, and other materials, viewed in the light most favorable to the party opposing the motion, reveals no genuine issue of material fact. *Nichola v. John Hancock Mutual Life Insurance Co.,* 471 A.2d 945, 947–48 (R.I.1984). On review of an order granting a motion for summary judgment, we apply the same rule. *Barratt v. Burlingham,* 492 A.2d 1219, 1220 (R.I.1985). The plaintiff argues that summary judgment should not have been granted because he had raised certain genuine issues of material fact through affidavits. First, plaintiff purports that he signed the waiver under duress and therefore did not voluntarily waive his right to a hearing. He argues that his allegation of duress was uncontradicted because defendant's countering affidavits were not filed in a timely fashion in accordance with Rule 56 of the Superior Court Rules of Civil Procedure.

The defendant filed his motion for summary judgment and supporting memorandum on November 8, 1984, designating November 27, 1984, as the hearing date. No affidavits were filed at that time. The plaintiff's affidavit raising the issue of duress was filed November 26, 1984, the day before the hearing. On November 27, 1984, the trial justice continued the hearing on the motion, asking the parties to submit memoranda on the issues of duress and the legality of the waiver. Both parties submitted memoranda the day before the rescheduled hearing, with affidavits contesting plaintiff's claim of duress attached to defendant's memorandum.

■ Rule 56(a) permits the filing of motions for summary judgment "with or without supporting affidavits." Subsection (c) requires that the motion be "served at least ten (10) days before the time fixed for the hearing." Reading these two sections together, the time requirement for the filing of motions cannot relate to the filing of affidavits since motions may be filed with or without supporting affidavits. In this case, the trial justice himself asked the parties to file memoranda on certain issues of duress. The defendant's affidavits were filed in response to that request. The trial judge has the discretion to decide whether affidavits have been filed in a manner and at a time that warrant his review. *See Nichola,* 471 A.2d at 947 (court discretion to enlarge time for doing " 'any act required or allowed to be done at or within a specified time' "). We find that the trial justice properly considered defendant's affidavits.

■ Turning to the question of whether plaintiff adequately raised a genuine issue of material fact regarding the voluntariness of his execution of the waiver, we find that he did not and that the trial justice properly granted summary judgment. The plaintiff claims that because he was threatened with loss of employment if he did not sign the waiver, he had no choice but to sign. Assuming this claim to be true, plaintiff then performed under the terms of the agreement without objection. He worked additional days without compensation and without objection. He was transferred to another barracks without objection. Through his subsequent conduct he ratified the waiver and cannot now contest its validity. *See Dispeau v. First National Bank of Pawtucket,* 24 R.I. 508, 511, 53 A. 868, 869 (1902).

■ Duress does not render a contract void, merely voidable, but the victim may ratify the agreement by failing to object. *Barnette v. Wells Fargo Nevada National Bank,* 270 U.S. 438, 444, 46 S.Ct. 326, 328, 70 L.Ed. 669, 675 (1926). A party asserting duress must act promptly or be deemed to have affirmed the conduct in question. *Id.* The plaintiff performed under the waiver for approximately eighteen months before contesting it. He had ample opportunity to contest the validity of the waiver, yet he failed to do so. As a result of his execution of the waiver, plaintiff continued in his

employment rather than accept the nine-month suspension as recommended by the board of officers. "[A] party who has received the benefit of the performance of a contract will not be permitted to deny his or her obligations unless paramount public interest requires it." *City of Warwick v. Boeng Corp.*, 472 A.2d 1214, 1218 (R.I. 1984) (citing *Steele v. Drummond*, 275 U.S. 199, 205, 48 S.Ct. 53, 54, 72 L.Ed. 238, 240 (1927)). The plaintiff benefitted under the agreement under which he was allowed to work rather than suffer a nine-month suspension. He cannot now contest its validity when defendant exercises his right to dismiss under the same agreement.

Furthermore, a threat to withhold from a party a legal right that he or she has an adequate remedy to enforce does not constitute duress. *See Hartsville Oil Mill v. United States*, 271 U.S. 43, 49, 46 S.Ct. 389, 391, 70 L.Ed. 822, 827 (1926) (remedy at law or in equity must be proven inadequate before coercion may be inferred); *Pease v. Francis*, 25 R.I. 226, 229, 55 A. 686, 687 (1903) (not duress to threaten to do what one has right to do). Section 42–28.6–4 provides that a law enforcement officer is entitled to a hearing regarding any charge against him that may result in any punitive action being taken. The plaintiff is charged with constructive knowledge of the right afforded him under this statute. *See Upton v. Tribilcock*, 91 U.S. (1 Otto) 45, 50, 23 L.Ed. 203, 206 (1875) (all parties presumed to possess equal knowledge of law); *Wesley v. Collins*, 605 F.Supp. 802, 813 (M.D.Tenn.1985) ("law presumes that all men know its sanctions"), *aff'd*, 791 F.2d 1255 (6th Cir.1986). In addition, plaintiff's counsel subsequently approved his client's execution of the waiver. The plaintiff's counsel certainly knew or should have known of plaintiff's right to a hearing regarding the 1982 charges that resulted in the execution of the waiver. Since an attorney's knowledge is attributable to his or her client, *Link v. Wabash Railroad Co.*, 370 U.S. 626, 634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734, 740 (1962), plaintiff could not have waived his right to a hearing without knowledge that he was statutorily entitled to a hearing. The defendant's alleged threats then, cannot constitute duress.

The plaintiff raises a question of his deprivation of due process. It is well settled that we will refrain from passing on a constitutional question when it is clear that the case before us can be decided on another point and that a determination of such a question is not indispensably necessary for a disposition of the case. *State v. Pascale*, 86 R.I. 182, 185, 134 A.2d 149, 151 (1957) (citing *State v. Berberian*, 80 R.I. 444, 445, 98 A.2d 270, 270–71 (1953)). Since we find that plaintiff validly waived his right to a hearing and voluntarily accepted his probationary status, there is no need to address the alleged deprivation-of-due process issue.

Next, plaintiff contends that his right to a hearing on the charges that resulted in his dismissal in November 1983 did not accrue until those charges were brought. He argues, therefore, that he could not have waived a right in April 1982 that did not accrue until approximately eighteen months later. By executing the waiver, plaintiff waived his right to a hearing on the 1982 charges as provided by the Law Enforcement Officers' Bill of Rights, chapter 28.6 of title 42. Under the waiver, plaintiff admitted his guilt to the 1982 charges and chose to continue his employment on a probationary status rather than proceed with a hearing and possibly risk more severe discipline. The settlement reached under the terms of the waiver is as conclusive of the parties' rights as is a judgment that terminates the litigation between them. *See Homar, Inc. v. North Farm Associates*, 445 A.2d 288, 290 (R.I. 1982). The terms of the waiver, which plaintiff accepted through his subsequent performance, constituted the punishment imposed for the 1982 crimes. Part of that punishment included the potential for dismissal without reason. The plaintiff's argument that he could not waive a right that had not yet accrued therefore has no merit.

Lastly, plaintiff argues that the waiver is unenforceable because the right

provided him under § 42–28.6–4 creates a private right for a public good. He argues that the donee of such a private right lacks the power to waive that right or to nullify or vary it by private contract. In support of his position, plaintiff cites a Rhode Island case interpreting G.L.1956 (1981 Reenactment) § 16–7–29 dealing with the minimum wage set for public school teachers. *See Berthiaume v. School Committee of Woonsocket,* 121 R.I. 243, 397 A.2d 889 (1979). Section 16–7–15 entitled "Statement of Purpose," clearly sets forth the intent of the Legislature when it enacted chapter 7 of title 16. The statute was meant to provide "quality education for all Rhode Island youth," clearly a public purpose. In *Berthiaume* we held that the teachers could not have waived their right to the minimum statutory wage because as donees of a private right for public good, they did not have the power to waive or nullify. 121 R.I. at 250–51, 397 A.2d at 894. We find no such public purpose espoused in chapter 28.6 of title 42, the so-called Law Enforcement Officers' Bill of Rights, and accordingly find no merit in plaintiff's final argument.

■■■■ The plaintiff introduced the affidavit of a legislative cosponsor of the Law Enforcement Officers' Bill of Rights. Postenactment statements of legislators relating to legislative intent, however, are not part of the legislative history of the original enactment. *Rogers v. Frito-Lay, Inc.,* 611 F.2d 1074, 1080 (5th Cir.), *cert. denied,* 449 U.S. 889, 101 S.Ct. 246, 66 L.Ed.2d 115 (1980). We determine legislative intent through an examination of the language of the statute itself, giving the words of the statute their plain and ordinary meaning. *Howard Union of Teachers v. State,* 478 A.2d 563, 565 (R.I.1984); *Paola v. Commercial Union Assur. Companies,* 461 A.2d 935, 937 (R.I.1983). The affidavit submitted therefore is of no value.

For the above-stated reasons, the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of this case are remanded to the Superior Court.