[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court is plaintiff Peter P. Calise's complaint against three defendants: The Rhode Island Water Resources Board, the Personnel Appeal Board, and the Unclassified Appeal Board. This Court takes jurisdiction pursuant to G.L. 1956 (1985 Reenactment) § 42-35-15 et seq.
For the reasons set out below, this Court denies plaintiff's claims against the Personnel Appeal Board, the Unclassified Appeal Board, and the Water Resources Board.
FACTS and TRAVEL
Plaintiff believes that he is entitled to $4500.00 in pay differential for vacation hours and sick leave hours accrued during his tenure at the Rhode Island Water Resources Board. Plaintiff is retired and has not worked at the Water Resources Board since July 27, 1990. On July 18, 1990, the Board prepared a termination action memorandum which calculated vacations and sick leave totals. The plaintiff evidently objected to those calculations because on August 23, 1990, he wrote to the Personnel Appeal Board seeking a public hearing for appeal of the Water Board's "decision."
On March 11, 1991, the Personnel Appeal Board responded to Mr. Calise's request for appeal by pointing out that Mr. Calise was an unclassified employee and that the Personnel Appeal Board did not have jurisdiction over this matter. Moreover, that letter and a clarifying letter written on July 23, 1991 asserted that the Unclassified Appeal Board lacked jurisdiction over the matter as well. The chairman of the Personnel Appeal Board and author of the March 11 and July 23 letters, Stephen A. O'Connor, believed that the Unclassified Appeal Board could only hear appeals by unclassified employees appointed for a fixed term who had been discharged. As Mr. Calise was merely disputing pay differential, O'Connor felt that the Unclassified Appeal Board lacked jurisdiction.
Undaunted, plaintiff filed the instant complaint in Superior Court on August 20, 1991 pursuant to G.L. 1956 (1985 Reenactment) § 42-35-15 et seq., otherwise known as the Administrative Procedures Act. The Water Resources Board, the Personnel Appeal Board, and the Unclassified Appeal Board were named as defendants in the action.
On November 10, 1992, Judge Grande heard and denied a motion to dismiss by defendant, Water Resources Board. The parties now await decision on the administrative appeal.
DISCUSSION
Plaintiff submits that he may maintain this action against defendants in the Superior Court pursuant to the Administrative Procedures Act (A.P.A.). G.L. 1956 (1985 Reenactment) § 42-35-15.
The Administrative Procedures Act states that a person aggrieved by a final order in a contested case is entitled to judicial review in the Superior Court. Id. When the Personnel Appeal Board and the Unclassified Appeal Board denied jurisdiction, they were doing so based upon a statute, G.L. 1956 (1985 Reenactment) § 36-3-10, and an Executive Order, No. 89-25. They essentially decided that the conditions precedent to the application of the statute and the Executive Order were not met.
This Court may review such a determination under the A.P.A. The Rhode Island Supreme Court has said that, "determination of whether conditions precedent to the application of a statute have been satisfied is a question of law that a trial justice may properly review pursuant to his or her authority under §42-35-15." Hometown Properties v. Department of EnvironmentalManagement, 592 A.2d 841, 843 (R.I. 1991), DeFalco v. Voccola,557 A.2d 474, 476 (R.I. 1989).
After a thorough review of the record in this case and the relevant statutory authority, this Court agrees with defendants, Unclassified Appeal Board and Personnel Appeal Board that they lacked jurisdiction to entertain plaintiff's appeal.
Personnel Appeal Board
The Personnel Appeal Board's jurisdiction is set out by G.L. 1956 (1985 Reenactment) § 36-3-10. Subsections (1) and (2) of §36-3-10 deal only with persons in the classified service. Since Mr. Calise was an unclassified employee, the Personnel Appeal Board cannot hear the appeal based on those subsections. Subsection (3) allows appeal by any person who believes that he or she has been the victim of discrimination in a personnel action. That section does not apply here since Mr. Calise has not alleged discrimination in his complaint. Subsection (4) allows appeal when a person is vested with the right of appeal to the board by personnel policy of the State of Rhode Island or contractual agreement with the State of Rhode Island. The plaintiff has not shown, nor can this Court find, any such personnel policy or contractual agreement.
This Court is bound by legislative intent when construing a statute. Gilbane Co. v. Poulas, 576 A.2d 1195 (R.I. 1990). Legislative intent is determined thorough examination of the language of the statute itself, giving the words in the statute their plain and ordinary meaning. McGee v. Stone, 522 A.2d 211
(R.I. 1987).
Giving the words of § 36-3-10 their plain and ordinary meaning, this Court finds that the legislature did not intend for the Personnel Appeal Board to take jurisdiction over unclassified employees such as Mr. Calise who are disputing pay differential for vacation hours and sick leave hours.
Unclassified Appeal Board
The Unclassified Appeal Board was created by Executive Order No. 89-25. That order, issued by Governor DiPrete on October 10, 1989, created the Board to hear appeals of unclassified employees, "appointed for a fixed term who (have) been discharged . . ." Since Mr. Calise was not discharged but retired voluntarily, the Executive Order does not apply to him. Even if Mr. Calise could successfully argue that retirement is some kind of discharge, that retirement is not at the heart of his complaint. He seeks pay differential. Therefore, this Court finds that the Unclassified Appeal Board lacks jurisdiction over the matter as well.
The Water Resources Board
Plaintiff's claim against the Rhode Island Water Resources Board must be dismissed as well. A review of the record and the applicable portions of the A.P.A. reveal that the plaintiff's action against the Water Resources Board is not properly before this Court at this time.
The A.P.A. states that, "(a) Any person who has exhausted all administrative remedies available to him within the agency, and who is aggrieved by a final order in a contested case is entitled to judicial review under this chapter." G.L. 1956 (1985 Reenactment) § 42-35-15.
A contested case is defined as, "a proceeding, including but not restricted to rate making, price-fixing, and licensing, in which the legal rights, duties, or privileges of a specific party are required by law to be determined by an agency after an opportunity for hearing." G.L. 1956 (1985 Reenactment) §42-35-1(c).
This Court finds that plaintiff has not been aggrieved by a final order in a contested case. The record does not reveal any proceeding involving the plaintiff and the Water Resources Board. The only action by the Board was the preparation of a Termination Action Memorandum. The plaintiff evidently appealed directly to the Personnel Appeal Board without first pursuing any remedy against the Water Resources Board.
Moreover, this is not a case in which the legal rights, duties or privileges of plaintiff are required to be determined by an agency after a hearing. The legislation establishing the Water Resources Board is silent on the issue of where a retired employee of the Board must go to indicate rights to vacation and sick pay differential. G.L. 1956 (1991 Reenactment) 46-15.1-2 et seq. Hence, there appears to be no requirement by law that plaintiff's rights be determined by an agency and no requirement for a hearing. If there is such a law, plaintiff has not shown this Court that it exists.
The plaintiff's complaint against the Water Resources Board is, therefore, not properly before this Court. In order for the Superior Court to take jurisdiction over the matter pursuant to the A.P.A., plaintiff must be appealing a contested case. Such was not the case here. It is, therefore, not appropriate for the Superior Court to review the merits of the controversy between plaintiff and the Water Resources Board at this point.
Plaintiff may very well have a cause of action against the State of Rhode Island. He may not bring a cause of action against the Personnel Appeal Board, the Unclassified Appeal Board or the Water Resources Board in the Superior Court pursuant to the A.P.A. at this time.
For the reasons set out above, this Court denies plaintiff's claims against the Personnel Appeal Board, the Unclassified Appeal Board and the Water Resources Board.