SUPPLEMENTAL DECISION
This matter is before the Superior Court on remand front the Rhode Island Supreme Court. In its remand, the Supreme Court directed the Superior Court to determine whether Title 34, Chapter 36.1 of the Rhode Island General Laws, entitled "Condominium Law," (hereinafter the 1982 Act) represents an unconstitutional delegation of judicial or police power to the condominium association, a private entity.
On July 26, 1999, this Court determined that the 1982 Act does represent an unconstitutional delegation of judicial or police power. In accordance with that decision, plaintiff's request for an injunction to prevent defendants (Osborne Court Condominium, et al., hereinafter Association) from foreclosing on his property is granted. The injunction shall issue.
However, having so decided, the Court must now decide two further issues raised by plaintiff in his complaint. Said issues are first, whether plaintiff can recover die amount of $10,466.28 that he paid to the Association in March, 1996 to prevent its prior attempt to foreclose on his property; and second, whether plaintiff is entitled to recover legal fees in connection with this case pursuant to Section 4.17 of the 1982 Act.
The Court incorporates by reference the facts set forth in its decisions of May 15, 1997 and July 26, 1999. Additional facts will be added as they become pertinent
I. Whether Plaintiff was entitled to recover the amount of $10,466.28previously paid.
In Count IV of his complaint filed on July 25, 1996, plaintiff seeks recovery of sums he paid to the Association in March, 1996, as a condition of canceling a proposed foreclosure of his property based upon the same provision of the 1982 Act which this Court has now determined to be unconstitutional. The subject payment followed a January, 1996 notice from the Association that foreclosure proceedings were being commenced because assessments, special assessments, fines and attorney fees remained unpaid. (Exhibit 78, Tr. p. 104). The claim exceeded $16,000. (Exhibit 89).
The parties negotiated the claim, and at one point, plaintiff offered to pay $6,000 to settle the dispute. (Tr. p. 105). Eventually, plaintiff agreed to pay, and the Association agreed to accept $10466.28 in full settlement of the ten-outstanding claim. In March, 1996, the parties executed a document itemizing the claim and the compromise settlement (Exhibit 89). It purported to be a
 ". . . final settlement to all claims and liens held by the Condominium Association against you [Plaintiff] as the owner of Units £1 or £2. Any counterclaims or claims you may have against the Condominium Association's management committee or individual unit owners of Osborne Court condominium are also hereby released pursuant to the terms of this settlement. . . . (Exhibit 89).
The plaintiff signed the settlement agreement without noting that his signature was being made "under protest." In fact, the word "Agreed" appears directly above his signature. (Exhibit 89). In accordance with the agreement plaintiff wade the settlement payment by charging it against his Master Card account. (Exhibit 88).
At the time of the agreement the Association had the apparent right to foreclose on the properly. The constitutional challenge had not yet been raised when the agreement was executed. It is well-settled that "existing law is an implied term of every contract" Citizens for Preservation of Waterman Lake v. Davis,420 A.2d 53, 57 (R.I. 1980) (citing Sterling Engineering Construction Co. v. Burrillville Housing Authority, 108 R.I. 723, 726, 279 A.2d 445, 447 (1971)). But for the subsequent finding by this Court that the 1982 Act constituted an unconstitutional delegation of police and judicial power to the Association, the statutory scheme permitted foreclosure.
The plaintiff contends that he signed the settlement agreement under duress. The Association's conduct, however, was consistent with the relevant provisions of the 1982 Act. On May 15, 1997, this Court did not "find the evidence to support duress under any circumstances." (Decision Tr. p. 14). Furthermore, "[a]n agreement to pay money on a disputed claim in order to avoid a threatened suit, sale or foreclosure, when the threatening party has the apparent right to take such action, is not voidable under the duress doctrine." di Stephano v. UnitedStates Department of Treasury Office of Thrift Supervision,787 F. Supp. 292, 295 (D.R.I. 1992) (citing Pease v. Francis,25 R.I. 226, 229, 55 A. 686, 687 (1903) ("It is neither coercion nor duress to threaten or to do what one has a right to do. Payment of money, even upon a disputed claim, to avoid a pending or threatened suit or sale, when a creditor has an apparent right to sue or sell, does not make the payment voidable.") (citingDispeau v. First National Bank of Pawtucket, 24 R.I. 508, 510,53 A. 868, 868 (1902)).
The next time the Association attempted to foreclose on plaintiff's property as the result of subsequent assessments and fees, plaintiff filed this action seeking injunctive relief and ultimately, prevailed. By that time, the aforementioned settlement agreement between the parties had been signed, and payment had been made. The contract was fully performed. Where parties to a controversy, acting in good faith, settle their dispute, which requires compromise on both sides, the agreement should not be rescinded because the result would have been different had the parties chosen to litigate. Mansolillo v.Employee Retirement Board of the City of Providence, 668 A.2d, 313, 316 (R.I. 1995); Homar, Inc. v. North Farm Associates,445 A.2d 288, 290 (R.I. 1982) (quoting J. Kahn Co. v. Clark,178 F.2d 111, 114 (5th Cir. 1949)). Accordingly, plaintiff may not recover the $10,466.28 previously paid to the Association.
II. Whether Plaintiff is entitled to recover legal fees pursuant to G.L.1956 § 34-36.1-4.17.
Section 4.17 of the 1982 Act provides:
 "Effect of violations on rights of action — Attorney's fees. — If a declarant or any other person subject to this chapter fails to comply with any provision hereof or any provision of the declaration or bylaws, any person or class of persons adversely affected by the failure to comply has a claim for appropriate relief Punitive damages may be awarded in the case of willful failure to comply with this chapter. The court, in an appropriate case, may award reasonable attorney's fees."
The plaintiff argues that he is entitled to recover attorney's fees with respect to the within action. However, plaintiff succeeded in his challenge of the Association conduct because the Court determined that the provisions of 1982 Act that authorize a condominium association to foreclose on property without a judicial proceeding are unconstitutional, not because the Association violated the Act or the By-laws. Section 4.17 permits the Court to award counsel fees to the prevailing party if the adverse party violates a provision of the Act. Recovery of attorney's fees hereunder is not automatic; it is left to the discretion of the court. This section is in derogation of common law; therefore, it must be strictly construed. Providence JournalCo. v. Rodgers, 711 A.2d 1131, 1134 (R.I. 1998) (citing Kelly v.Marcantonio, 678 A.2d 873, 876 (R.I. 1996)). As the language of this section is clear and unambiguous, the Court gives the words their plain meaning C J Jewelry Co., Inc. v. Department ofEmployment and Training, Board of Review, 702 A.2d 384, 385 (R.I. 1997). Although the Court finds that certain provisions of the 1982 Act are unconstitutional, the Court does not find that the Association's previous reliance on it was unreasonable. Accordingly, the Court does not award counsel fees.
Counsel shall prepare an appropriate order.