Alfred CARON et al.

v.

TOWN OF NORTH SMITHFIELD.

No. 2003–315–Appeal.

Supreme Court of Rhode Island.

Dec. 5, 2005.

Carly Beauvais Iafrate.

Rajaram Suryanarayan, Providence.

### O R D E R

The plaintiffs, Alfred and Doris Caron, (the Carons) appeal from a Superior Court judgment in which the trial justice granted the Town of North Smithfield's (town) motion for judgment on partial findings, pursuant to Rule 52(c) of the Superior Court Rules of Civil Procedure. The Carons claim that the trial justice erred when he (1) denied them a jury trial, which they claim was their right under the United States and Rhode Island Constitutions, and (2) applied an incorrect takings analysis. They also contend that they detrimentally relied on the actions and assurances of certain town officials.

The controversy here concerns a parcel of land abutting the Carons' land in North Smithfield. Prior to 1994, the federal government owned the adjacent land, which it used for military housing. However, by 1994, when the town purchased the property from the federal government, it had been abandoned for some time and its remaining housing was dilapidated and run-down. North Smithfield did not own the land for very long; shortly after purchase the town sold it to a nonprofit entity known as the Women's Development Corporation (WDC). It appears from the record that the state of Rhode Island received a Community Development Block Grant[1] from the federal government. In 1995, the town applied for and received a portion of the grant. This money was used to enable WDC to develop low and moderate income housing on the property in question.[2]

The Carons became concerned when they saw wells being sited in proximity to their boundary line. Specifically, the Carons feared that they would not be able to improve or enlarge their septic system because of Department of Environmental Management (DEM) regulations, which required a distance of at least one hundred feet between a septic system and a well.[3] The Carons discussed their concerns with various town officials, including Kenneth Bianchi, town administrator, who allegedly told them that he would cancel the town's contract with WDC[4] if the Carons' problems could not be rectified. However, the wells were drilled, and the Carons filed an action against the town, asserting that a constructive taking of their property had

---

1. A Community Development Block Grant is a grant of federal money given to the states, local governments, and Indian tribes to provide decent housing, a suitable living environment, and economic opportunities for persons of low and moderate income. *See* 42 U.S.C. §§ 5301 through 5303.

2. The project is known as the Slater Home Development.

3. DEM regulations prohibit the placement of a septic tank within seventy-five feet of a well and require a leaching field to be more than one hundred feet away from a well. 12 120 R.I. Code R. 002 SD 3.05 (Weil 2001). Moreover, DEM is the agency responsible for permitting wells, monitoring their location, and supervising their installation and maintenance. G.L. 1956 chapter 13.2 of title 46.

4. The contract between the town and WDC pertained to the disbursement of money from the Community Development Block Grant to WDC for the purpose of building affordable housing.

occurred, requiring just compensation.[5] In their lawsuit, in which a jury trial was demanded, the Carons alleged that due to the location of the wells, they would be unable to install a new septic system or build an addition to their home. They posited that because of the topography of their thirty acre parcel, there was only one feasible place in which to install a septic system and that was within one hundred feet of the well. Therefore, they maintained, if they desired to build an addition to their home in the future, they would be required to install a non-traditional septic system in a different location on their property and at a substantially higher cost. They contended that the town's actions greatly diminished the value of their property, interfered with their use and enjoyment of their land, and constructively took their property without providing just compensation as mandated by the United States and Rhode Island Constitutions.

Just before trial, the town moved to exclude a jury in this case, arguing to the trial justice that the only question before the Court was one of law. The trial justice agreed and granted the motion. He also said that if the issue of damages arose later, he would entertain the Carons' motion for a jury trial as to the amount of any damages they may have suffered.[6] After the Carons presented their evidence, the town moved for judgment on partial findings, pursuant to Rule 52(c). The trial justice granted the town's motion and dismissed the case. The Carons timely appealed the judgment.

On appeal, the Carons argue:

1. That under the Federal and State Constitutions, they were entitled to a jury trial;

2. That the trial justice applied an incorrect takings analysis in that he did not apply the test set forth in *Penn Central Transportation Co. v. New York City,* 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978); and

3. That the town should be estopped from denying liability to the Carons because they detrimentally relied on the town's assurances that the wells would not be located in an area that would have an adverse impact on their property.

We will dispose of the Carons' estoppel argument first. This Court has held on many occasions that the doctrine of estoppel may be applied against public agencies to prevent injustice and fraud when the agency or its officers make representations that cause a person to act or refrain from acting in a particular manner to his or her detriment. *Romano v. Retirement Board of the Employees' Retirement System of Rhode Island,* 767 A.2d 35, 39–40 (R.I. 2001). However, it is well settled that the authority of a public agent to bind a municipality must be actual. *School Committee of Providence v. Board of Regents for Education,* 429 A.2d 1297, 1302 (R.I.1981). Therefore, any representation made by a public agent lacking actual authority is not binding on a municipality. *Id.*

Here, the Carons say that Kenneth Bianchi, the town administrator of North Smithfield, assured them that the wells would not be drilled in close proximity to their property and that if he had to, he would cancel the contract between the town and the WDC. The trial court found as a fact that Bianchi had no actual author-

5. U.S. Const. Amend. V; R.I. Const. art. 1, sec. 16. ˋ

6. We do not approve of the trial justice's action in excluding the jury on the day of trial and without allowing the Carons more time to prepare for a non-jury trial.

ity to bind the town or to cancel the contract with WDC, and our search of the record reveals no evidence of that authority. Although the Carons may have believed that Bianchi had this power or influence, their failure to discover the true scope of his authority does not provide grounds for relief on the basis of detrimental reliance. *Potter v. Crawford,* 797 A.2d 489, 492–93 (R.I.2002). The Carons are not entitled to relief based on a theory of detrimental reliance because Bianchi did not have the actual authority to cancel the contract between the town and WDC.

With respect to the Carons' claim that they were deprived of a trial by jury, we note that this Court has on many occasions held that it will not decide a case on constitutional grounds if it otherwise can be decided. *Amico's Inc. v. Mattos,* 789 A.2d 899, 909 (R.I.2002) ("this Court 'will not decide a constitutional question raised on the record when it is clear that the case before it can be decided' on other grounds such that the determination of the constitutional question is not 'indispensably necessary for the disposition of the case' ") (quoting *State v. Pascale,* 86 R.I. 182, 185, 134 A.2d 149, 151 (1957)). We have thoroughly reviewed the record in this case and, in our opinion, no fact-finder, be it judge or jury, possibly could have decided this case in the plaintiffs' favor. The evidence was unequivocal that all the regulations involved in this case were those of DEM, a state agency, and the Town of North Smithfield was not the owner of the property when the wells were drilled. Indeed, other than prior ownership of the land and cooperation with WDC in securing the federal grant money for low and moderate income housing, we fail to see any activity or culpability on the part of the Town of North Smithfield. We therefore agree with the trial court's finding that the Carons failed to establish the existence of even "a scintilla of evidence" that the town was responsible in any way for the placement or drilling of the wells in question.

For the reasons set forth herein, we affirm the judgment of the Superior Court, to which we remand the papers in this case.

Chief Justice WILLIAMS did not participate.