*Vincent P. Marcaccio, Jr.,* for plaintiff.

*John P. Bourcier,* for defendant.

D. VINCENT CASTALDI *d.b.a.* CASTAL JEWELRY COMPANY *vs.* CORO INC. OF RHODE ISLAND.

MARCH 12, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

Condon, C. J. This is an action of assumpsit which was tried before a justice of the superior court sitting without a jury and resulted in a decision for the defendant. The case is here on the plaintiff's bill of exceptions containing several exceptions, but he is pressing only his exception to the decision, the others having been expressly waived.

Under such exception he contends that the decision is erroneous for two reasons. In the first place he argues that the trial justice erred in finding that he, plaintiff, agreed

with defendant that he was responsible for the loss of defendant's goods while they were in his, plaintiff's, custody. In the second place he contends that even if there were such an agreement it was invalid because it was without consideration.

The controversy between the parties arose out of the loss of certain goods belonging to defendant while they were in plaintiff's possession as a bailee for hire. It appears from the evidence that plaintiff, a jewelry manufacturer, received from time to time certain materials and findings from defendant to be worked on. After such work was completed plaintiff returned the goods and thereupon billed defendant for the work. On November 6, 1954 plaintiff, upon opening his shop, found defendant's goods were missing and reported the loss to the police. The goods consisted of 252 dozen ropes of beads. The defendant claimed that the correct amount was 257 dozen, but it finally agreed to accept plaintiff's figure. It is admitted that $1,300.32 was the value of the ropes.

On November 12, 1954 plaintiff sent defendant a statement of account in the amount of $3,536.20 for certain work which it had done on other goods belonging to defendant. It appears that such statement included an amount of $617.40 which was not due. In settling the account defendant deducted that amount. It also deducted $1,300.32 as a credit in its favor for the value of the missing goods and forwarded its check for the balance of $1,618.48 to plaintiff. The plaintiff accepted such check without objection. Sometime later when the item of $617.40 became due plaintiff sent a bill therefor and did not mention the $1,300.32. The defendant paid that bill.

At the end of 1954 its accountant notified plaintiff by letter of the amount then owed to him by defendant and such amount did not include the item of $1,300.32. Upon receiving that letter plaintiff made no claim for such amount. However, for the first time in September 1956

he demanded payment and when it was refused he brought the instant action.

The defendant pleaded the general issue and filed a special plea. That plea was to the effect that it had entrusted plaintiff with certain goods which he had admitted he had lost and which he thereafter agreed were of the value of $1,300.32. The trial justice sustained such plea and found that the parties met after the loss of defendant's goods was made known to it and agreed that plaintiff was responsible for such loss, that the number of ropes lost was 252 dozen, and that the value thereof was $1,300.32. From our examination of the transcript we cannot say that he was clearly wrong.

However, plaintiff contended before the trial justice and also before us that the evidence shows defendant's goods were stolen without fault on his, plaintiff's, part; that defendant, through its agents, agreed that such was the fact; and, therefore, that as a bailee he, plaintiff, could be held responsible for such loss only by defendant proving that the loss would not have occurred but for his, plaintiff's, negligence, citing *Dufresne* v. *Dick*, 51 R. I. 135, and *Starita* v. *Campbell*, 72 R. I. 405.

With reference to whether defendant admitted that the loss was due to theft, the trial justice in rejecting plaintiff's contention stated: "It seems to me that the defendant, while it does in effect admit the origination of the charge, has given a good answer, and has sustained the burden of proof upon his part by showing that there was a dispute as to the responsibility for this loss, and that at the end of that discussion it was agreed that the responsibility was the plaintiff's * * *." In our opinion the evidence does not show that such conclusion was clearly wrong. On the contrary the failure of plaintiff to protest defendant's deduction of the $1,300.32 until September 1956, long after the discussion over the loss of defendant's goods took place,

raises a strong inference that the parties had previously come to an understanding in the matter.

In such circumstances it was unnecessary for defendant to prove that the loss was due to plaintiff's negligence if it could establish that plaintiff had agreed to accept responsibility. But plaintiff contends that such an agreement to be binding upon him must be based upon a valid consideration and he contends that the evidence fails to disclose such consideration. The trial justice, however, found that there was consideration as a result of the resolution of the dispute between them over the number of the ropes of beads lost. He also held that defendant, by yielding its claim of 257 dozen and accepting plaintiff's figure of 252 dozen in adjusting the controversy between them, furnished sufficient consideration to sustain the agreement.

After examining the evidence on this point we are of the opinion that the trial justice did not err in so holding. It is a reasonable inference that in discussing the extent of the defendant's loss and finally coming to an agreement thereon the parties were acting on the assumption that the plaintiff was responsible for such loss and that they were concerned solely in fixing the extent thereof. Viewed in this light we are in accord with the trial justice that the defendant's yielding of his claim constituted a valid consideration to support the agreement alleged in its special plea.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Vincent A. Ragosta,* for plaintiff.

*Eugene J. Sullivan, Jr.,* for defendant.