270 A.2d 513.

BURRILLVILLE RACING ASSOCIATION *vs.* RONALD J. MELLO.

NOVEMBER 12, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J.   The plaintiff brought this civil action to permanently enjoin the defendant from entering or remaining upon and enjoying the privilege of its racetrack located in the Town of Lincoln.   When the pleadings were closed, a justice of the Superior Court heard the cause on an agreed statement of facts.   After the hearing, he rendered a decision granting the plaintiff's prayer for a permanent injunction.   The case is before us on the defendant's appeal from the judgment which was entered pursuant to the decision of the trial justice.

The parties entered a signed stipulation agreeing that the matter would be submitted to the trial justice for his decision on an agreed statement of facts which included the following: that plaintiff relied on its common-law rights and not on the rules and regulations of the Rhode Island Racing and Athletics Commission; that notwithstanding several requests of the Association Police Force, acting through the agent in charge of the Thoroughbred Racing Protective Bureau, that defendant leave the premises of Lincoln Downs and not return, defendant did reenter on at least 12 separate occasions during the then recently concluded licensed meet; that plaintiff based its decision concerning the undesirability of having defendant on its premises solely on the exercise of its judgment based on oral and written reports made to the agent in charge by members of the Association Police Force; that there was no discrimination against defendant on account of race, color, religion or country of ancestral origin as those terms are understood in the context of the provisions of G. L. 1956 (1969 Reenactment) chap. 24 of title 11.

The stipulation also contained a statement by defendant denying that he was "an undesirable person" as alleged in paragraph "Seventh" of the complaint. Finally the parties agreed that §41-3-17[1] had no application and that the matter was to be decided on the common-law right of plaintiff to exclude persons it considered undesirable apart from any statutory right it might have in this regard.

---

[1]Section 41-3-17 reads:

"Ejection of undesirable persons—Rights of licensee.—Any licensee hereunder shall have the right to refuse admission to and to eject from the enclosure of any race track where a race meeting licensed under the provisions of this chapter, is being held, any person or persons whose presence within said enclosure is, in the sole judgment of said licensee, its agents or servants, undesirable, and whose presence is inconsistent with the orderly and proper conduct of such race meeting."

Since the parties agreed in their stipulation that the action was based on the plaintiff's common-law rights only, the issue raised by this record is very narrow, namely, whether at common law, the operator of a racetrack has the right, absent discrimination because of race, color, religion or country of ancestral origin, to exclude from its racetrack a person it considers undesirable without being compelled to show the reasons therefor.

The trial justice, relying on the decision of this court in the case of *Buenzle* v. *Newport Amusement Association*, 29 R. I. 23, 68 A. 721,[2] held that the common law of this state permits the plaintiff to exclude or to eject any person without having to show cause therefor. The defendant, in his brief, concedes the common-law right of the operator of a racetrack to exclude from its premises, without cause, any person it deems undesirable. However, he now argues that in enacting §41-3-17 *et seq.*, (P. L. 1969, chap. 148), the Legislature changed the common-law right of the racetrack to exclude the defendant and now requires that the operator of a racetrack, before excluding anyone, must make a determination that the person to be excluded is undesirable, in that his presence would be disruptive of its racing program.

We review the case on the record which was made in the Superior Court. On that record, we agree with the holding of the trial justice that on the basis of the facts

---

[2] In *Buenzle,* a case in which a uniformed Navy man was refused admission to a public dance, the court said at page 26:

"We find it to have been the settled rule of law for many years, that a ticket of admission to a race-track, a theatre, a concert, or any such entertainment is a mere license, revocable at the will of the party issuing the same; and that the rule of damage recoverable has been the amount of pecuniary loss actually suffered in all cases where the suit has sounded in contract; and it has been held in all these cases that there is no tort in such revocation, and that the proper suit is in contract for the recovery of such pecuniary loss."

before him *Buenzle* v. *Newport Amusement Association, supra*, is controlling.[3] As the defendant stated in his brief referring to the stipulation between the parties: "It was also agreed that 41-3-17 of the General Laws of Rhode Island 1956, had no application and that the request to leave was based on a common law right only." Since the statute is not properly before us, we do not pass on the merits of the contentions made by the defendant in reference thereto.

Judgment affirmed.

*Jordan, Hanson & Curran, William A. Curran* of counsel, for plaintiff.

*Joseph A. Capineri*, for defendant.

---

[3]Since *Buenzle* is dispositive, we need not discuss the many cases and authorities cited by plaintiff in support of the trial justice's decision.