HOMAR, INC.

v.

NORTH FARM ASSOCIATES.

No. 80–92–Appeal.

Supreme Court of Rhode Island.

May 18, 1982.

Tobin & Silverstein Inc., John P. Barylick, Providence, for plaintiff-appellee.

W. Slater Allen, Jr., Providence, for defendant-appellant.

## OPINION

SHEA, Justice.

This is an appeal by North Farm Associates (North Farm) from the entry of summary judgment in the Superior Court in favor of Homar, Inc. (Homar). We affirm the granting of summary judgment.

This controversy has its origins in a construction contract. In November 1977, North Farm, which at the time was known as Bristol Land Co. (Bristol), entered into an agreement with Homar whereby Homar would construct twenty-four condominium dwellings on land owned by North Farm in Bristol, Rhode Island. As the dwellings were completed they were sold to third parties. According to North Farm, nearly all of the purchasers complained of defective workmanship in their homes. Consequently, North Farm withheld from Homar $34,249.57 from the full contract price.

Homar brought suit (Superior Court civil action No. 79–241) in January 1979 to recover the amount withheld by North Farm. North Farm asserted the inadequacy of Homar's workmanship as a defense. While that suit was still pending, on April 26, 1979, without the assistance of counsel, the parties entered into a written settlement agreement.

This settlement agreement was duly signed on behalf of Homar and Bristol Land Company by persons apparently authorized to commit their companies. It listed Homar as "the [c]reditor" and Bristol as "the [d]ebtor". It acknowledged that Bristol owed Homar $34,249.57, that Bristol was not then in a position to pay the debt but requested further time to liquidate it, and that Homar was willing to extend the time for payment on certain conditions. In this regard, Bristol agreed to make periodic payments. The agreement further recited that Bristol intended to construct a condominium development referred to as "North Farm" and that Homar would have a secured interest in that project.

On receipt by Homar of all the payments provided for, Homar would complete the repairs and remedial work to the condominium units previously constructed. The agreement provided that on payment of the debt by Bristol, Homar would dismiss the pending litigation and would give Bristol a release in acceptable form. Finally, the agreement specifically provided that it was intended to be binding on the parties and their legal representatives, successors and assigns.

On December 5, 1979, Homar brought the present action (Superior Court civil action No. 79–4214) for breach of the settlement agreement. The summary judgment was thereafter entered in this second action, from which North Farm now appeals.

On appeal, North Farm makes several arguments. First, it argues that both suits instituted by Homar involve the same cause of action. Next, it argues that the alleged settlement agreement was not brought before a trial justice nor was it filed with the papers of civil action No. 79–241. Furthermore, the first suit had never been dismissed. North Farm next argues that issues involving workmanship and indebtedness arise from "the same transaction" and are inextricably intertwined. North Farm also claims that the alleged settlement agreement is invalid because there was insufficient consideration to support its promise to pay because their plan for further financing and construction, which provided North Farm with the incentive to settle,

never came to fruition. North Farm further disputes the entry of summary judgment, claiming that the problem of workmanship is a material issue of fact concerning the second agreement.

 These contentions of North Farm have no merit. Homar's suit to enforce payment under the second agreement is completely separate from the original contract. Actually it is the only controversy that still exists between the parties because the first dispute was resolved by the settlement agreement. The agreement upon which the case before us is based was a valid settlement agreement with full consideration and it is enforceable. The parties met and conferred with the obvious intent of settling their differences over the original construction agreement. The settlement agreement effectively ended that suit. The fact that they acted without their attorneys or that they did not submit the agreement to the court is of no significance whatsoever.

 Our policy is always to encourage settlement. Voluntary settlement of disputes has long been favored by the courts. *See Autera v. Robinson*, 419 F.2d 1197 (D.C. Cir.1969); *J. Kahn & Co. v. Clark*, 178 F.2d 111 (5th Cir. 1949).

> "Where the parties, acting in good faith, settle a controversy, the courts will enforce the compromise without regard to what the result might, or would have been, had the parties chosen to litigate rather than settle." *Id.* at 114.

Settlement of a disputed liability is as conclusive of the parties' rights as is a judgment that terminates litigation between them. *Id.* Therefore, the settlement agreement properly forms the basis of Homar's second suit.[1]

 The elements of dispute arising out of the original construction agreement, particularly North Farm's claim of poor workmanship are not relevant to the present action. We hold thus because paragraph 3 obligates Homar to make the repairs but only "upon the receipt by [Homar] of the payment." Likewise, paragraph 4 requires Homar to execute a stipulation dismissing the case, again "upon payment of the Debt." Clearly, payment of the debt by North Farm is a condition precedent to Homar's contractual obligations under the settlement agreement. Nothing has yet occurred to trigger its duty to make the repairs.

Summary judgment is proper in this case because there is no material issue of fact regarding North Farm's failure to pay. In light of the provisions of the settlement agreement before the court, the merits of the original controversy regarding the quality of the construction are neither relevant nor material.

For these reasons, North Farm's appeal is denied and dismissed. The entry of summary judgment is affirmed, and the papers are remanded to the Superior Court.

---

1. On appeal, North Farm contends for the first time that the settlement agreement lacks consideration because its prime incentive to settle, further construction plans, went unfulfilled. The failure to raise the matter below constitutes a waiver. *Peloso v. Imperatore*, R.I., 434 A.2d 274 (1981). Nevertheless, compromise of a disputed claim, such as forbearance from collection of a debt, is sufficient consideration to support a settlement. *See Castaldi v. Coro Inc. of Rhode Island*, 87 R.I. 177, 139 A.2d 381 (1958).