[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Kevin Fitzgerald, in his capacity as Treasurer for the City of East Providence ("plaintiff"), has moved for an entry of summary judgment against Arthur Smith, d/b/a Rhode Island Reel Company ("defendant"), pursuant to Super. Ct. R. Civ. P. Rule 56.
FACTS
The undisputed facts of this case are as follows. Plaintiff brought this action seeking to collect unpaid taxes for the years 1984, 1986, 1987, and 1988. On September 27, 1988, defendant, accompanied by his attorney, met with Jaime Restrepo, Tax Assessor for the City of East Providence, to discuss defendant's tax liability. According to Mr. Restrepo, defendant owed in excess of $18,000 in outstanding taxes. Defendant challenged this liability.
During the meeting, Mr. Restrepo and defendant, through his attorney, reached a compromise agreement. Defendant agreed to pay $6,000 in monthly installments of $400. The remaining amount would be abated. Defendant's attorney sent Mr. Restrepo a letter (see attachment to plaintiff's affidavit) on October 28, 1988, confirming the agreement reached the preceding day. The record indicates that defendant never filed an appeal with the local assessor pursuant to R.I.G.L. § 44-5-26, but instead reached this agreement. Defendant made payments for the first five months but has failed to make any payments since March 1989.
Plaintiff filed a complaint with the District Court, Sixth Division, seeking to collect the unpaid taxes on December 26, 1990. On April 9, 1991 the District Court granted summary judgment in favor of the plaintiff. Defendant appealed this decision to this court where plaintiff has renewed his motion for summary judgment.
DISCUSSION
Summary judgment is a drastic remedy which should be granted only when an examination of the evidence, viewed in the light most favorable to the opposing party, "reveals no issue of material fact, and the moving party is entitled to judgment as a matter of law." O'Hara v. John Hancock Mutual Life InsuranceCo., 574 A.2d 135, 136 (R.I. 1990). The non-moving party bears the burden of proving the existence of an issue of material fact.Trend Precious Metals v. Sammartino, 577 A.2d 986 (R.I. 1990).
Defendant asserts, in his defense, that he has no tax liability because "officials from the tax department" told defendant in 1987 that his business was exempt from the tax. (Affidavit of Arthur Smith). Even if this were true, R.I.G.L. §44-5-26 and § 44-5-27 preclude defendant from challenging the validity of the tax at this time. Section 44-5-26(a) provides that any person aggrieved by a local tax may appeal to the local tax assessor within three months of the "last day appointed for the payment without penalty of the tax." A taxpayer who timely appeals to the assessor may then file a petition in Superior Court within thirty days of the assessor's decision. Section44-5-27 states that § 44-5-26 shall be the exclusive remedy for an aggrieved taxpayer. See also Northgate Associates v. Shorey,541 A.2d 1192 (R.I. 1988). Defendant has failed to file an appeal with the tax assessor in accordance with § 44-5-26 challenging his tax liability. Instead he sought a compromise. Accordingly, defendant has waived the right to challenge his tax liability.
Further, defendant has waived this defense by agreeing to pay $6,000 of the disputed tax assessment. "Settlement of a disputed liability is as conclusive of the parties' rights as is a judgment that terminates litigation between them." Homar, Inc.v. North Farm Associates, 445 A.2d 288, 290 (R.I. 1982); McGeev. Stone, 522 A.2d 211, 215 (R.I. 1987). Defendant's defense must fail on either ground.
Defendant alleges no other factual dispute. After careful consideration of the pleadings and affidavits submitted, this Court finds that no material issue of fact exists. This Court finds that the undisputed facts demonstrate that defendant made a valid agreement settling his tax liability with the plaintiff. Defendant has broken that agreement. The undisputed facts demonstrate that defendant is delinquent in paying tangible taxes assessed under R.I.G.L. § 44-3-1.
Accordingly, plaintiff is entitled to judgment as a matter of law. Pursuant to Super. Ct. R. Civ. P. Rule 56, this Court grants summary judgment in favor of the plaintiff. Counsel shall prepare an order in conformity with this decision.