DECISION
This is an appeal from the entry of an order on January 4, 1995 by the Rhode Island Ethics Commission (the Commission). Jurisdiction in this Superior Court is pursuant to G.L. 1956 (1993 Reenactment) § 42-35-15.
Facts/Travel
On January 19, 1994, the Commission received a complaint filed against the plaintiff, John R. Dionne (Dionne), then the Public Safety Director for the City of Woonsocket. The Commission, after making an initial determination that the complaint properly alleged a violation of the Rhode Island Code of Ethics, G.L. 1956 (1990 Reenactment) § 36-14-1 et. seq.
(1994 Cum. Supp.) (Code of Ethics), opened an investigation in the matter. The investigation concluded on April 7, 1994 and on June 16, 1994, the Commission issued an Order and Finding of Probable Cause.
Pursuant to G.L. § 36-14-13, an adjudicative hearing was held on November 15, 1994 and December 8, 1994. After these two days of hearings, but before adjudication, the Commission's Prosecutor presented the Commission with an informal disposition of the charges against Dionne, as provided in the Commission's regulations. In the informal disposition, Dionne admitted violating the Code of Ethics and the Prosecutor agreed to recommend a $2,500 civil penalty.[1] The Commission rejected the informal disposition, insisting that Dionne resign from his position.
Further negotiations ensued among Dionne, the Commission Prosecutor, and the Commission's legal counsel. The parties agreed that Dionne would admit a violation of G.L. §§ 36-14-5A and 7 and that he would pay a civil penalty of $3,000. (Tr. 12/21/94 at 4). At the hearing, Counsel for the Commission stated that the Commission was to issue findings as an order in the matter. Id. at 6. Dionne's counsel expressed his agreement with this procedure. Id. at 6.
On January 4, 1995, the Commission issued a Findings and Disposition Order (Order) providing that, in addition to the agreed upon civil penalty:
 [r]espondent cease and desist from any improper conduct as long as he remains Public Safety Director for the City of Woonsocket which would represent a violation of the Code of Ethics. We believe that the appointing authority for the municipality should review Mr. Dionne's involvement in this matter to determine whether Mr. Dionne possesses the requisite character and judgment necessary to continue as Public Director for the City of Woonsocket. We will consider any further conduct in violation of the Code of Ethics by Mr. Dionne, in addition to the statutory penalties available to us, a violation of and contempt of this Order.
After receiving the Order, Dionne filed a Motion for Reconsideration with the Commission, claiming that: 1) the Order made it appear that two violations of the Code of Ethics had been violated when in fact both provisions represented the same violation; 2) the Order improperly contained language suggesting that the appointing authority consider whether Dionne possessed the necessary character to continue in his public position; and 3) the Order imposed the additional sanction of a cease and desist order which was not agreed to by the parties. The Commission amended the Order on March 29, 1995 to reflect the fact that the Commission's findings were limited to one violation of the Code of Ethics. The Commission did not amend the Order with respect to Dionne's other claims. On April 6, 1995, Dionne filed this administrative appeal.
Standard of Review
Judicial review of Ethics Commission proceedings is provided for under G.L. 1956 (1990 Reenactment) § 36-14-15 (1994 Cum. Supp.). Under that section, a party may seek review under the provisions of the Administrative Procedure Act, G.L. 1956 (1993 Reenactment) § 42-35-1, et. seq. Pursuant to G.L. 1956 (1993 Reenactment) § 42-35-15, judicial review is limited, with reversal of agency action occurring only when there has been prejudice as a result of agency action which is
 1) In violation of constitutional or statutory provisions;
 2) In excess of statutory authority;
 3) Made upon unlawful procedure;
 4) Affected by other error of law;
 5) Clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or
 6) Arbitrary or capricious or characterized by an abuse of discretion or clearly an unwarranted exercise of discretion.
Modification of Informal Disposition
The threshold issue before the court is the proper determination of the nature of the information disposition. The court initially must determine whether the parties' negotiations created a binding agreement. Assuming binding obligations were created, determination must be made as to whether the provisions contained in the Order have effectively breached those obligations.
Under Ethics Commission regulations, the parties may seek an informal disposition of a pending complaint. I CRIR 22, Regulation 1011 at 94030 002-6 (1993). The regulation classifies this informal disposition as either an "agreed settlement, consent order, or other informal resolution." Id. The regulation does not limit resolution of the matter pursuant to G.L. 1956 (1993 Reenactment) § 42-35-9 (d), which allows informal disposition of any contested case by stipulation, agreed settlement, consent order or default. Id.
Under either procedure, approval of the informal disposition must be made by the number of Commission members otherwise required to vote in the affirmative to find a violation of the Code of Ethics. I CRIR 22, Regulation 1011 (c) at 94030 002-6 (1993). Under Commission regulations, this number is a majority of members who have attended the hearings, provided at least three members vote in the affirmative. I CRIR 22, Regulation 1017 (c) at 94030 002-8 (1993).
While the definition of "informal disposition" is not specifically set forth in either statute or regulation, examples are provided to illustrate its application. As previously noted, Regulation 1011 allows informal disposition by "agreed settlement, consent order or other informal resolution." G.L. § 42-35-9 (d) speaks in terms of disposition by "stipulation, agreed settlement [and] consent order . . ." The Supreme Court of Rhode Island has previously interpreted these and similar terms to create a binding obligation on the parties. See, e.g., Trahanv. Trahan, 455 A.2d 1307, 1310 (R.I. 1983) (consent order is essentially a contract between parties to litigation); Homar,Inc., v. North Farm Ass'n, 445 A.2d 288, 290 (R.I. 1982) (settlement is as conclusive of parties' rights as judgment terminating litigation between them); Burrillville Racing Ass'nv. Mello, 107 R.I. 669, 672, 270 A.2d 513, 515 (1970) (defendant not entitled to argue issue previously stipulated to). As a result, the court is inclined to believe that the informal disposition created binding obligations on the parties.
Regardless of the manner in which the informal disposition is classified, the Commission's regulations provide no means for the Commission to modify such a disposition. It is well established that administrative agencies are purely legislative creatures possessing no inherent or common-law powers. BerkshireCablevision of Rhode Island, Inc. v. Burke, 488 R.I. 676 [488 A.2d 676], 679 (R.I. 1985). As the power of modification of informal dispositions is noticeably absent from the Commission's enabling legislation, the court declines to recognize its existence in this context.[2]
Essentially, the Commission argues that any agreement that may have existed has not been breached by the additional provisions contained in the Order. The Commission believes that modification has not occurred because the additional sanction of a cease and desist order contained in the order was "clearly permitted under R.I. General Laws § 36-14-13 (d)." Defendant's Brief at 7. Similarly, the Commission contends that the recommendation suggesting the appointing authority review Dionne's conduct is not a change in the agreed upon disposition because the Commission is authorized to remove a public official under G.L. 36-14-13 (d). Defendant's Brief at 8.
These arguments misconstrue the nature of the parties' agreement. The Commission may not modify and increase sanctions not contained in the parties' agreement simply because such sanctions may be imposed in certain cases. Extrapolating this argument to its logical conclusion, the Commission would be justified in imposing a $25,000 fine on Dionne simply because the statute allows such a sanction under G.L. § 36-14-13 (c)(3). Acceptance of this argument would completely undermine the policies and purposes of the informal disposition process. Cf.State v Freeman, 115 R.I. 523, 531, 351 A.2d 824, 827 (1976) (where plea bargain rests in any significant degree on promise or agreement of prosecutor, such promise must be fulfilled).
The Commission further argues that issuance of a cease and desist order provides no increase in penalty because "such a sanction may be implied in any informal settlement." Defendant's Brief at 8. A close reading of § 36-14-13 (d) belies this conclusion. The statute specifically provides that
 [t]he commission, upon a finding pursuant to this section that there has been a violation of this chapter, shall issue an order by which it may
 1) require that the violator cease and desist violating the provisions of this chapter . . .
 Id. (emphasis added).
The fact that the statute's language is permissive in nature tends to contradict the Commission's position. Compare Ronci v.Narragansett Bay Water Com'n, 561 A.2d 874, 880 (R.I. 1989) (statute providing party "may" institute civil or criminal proceedings did not make such remedy mandatory) with Brown v.Amaral, 460 A.2d 7, 10 (R.I. 1983) ("shall" connotes imposition of a duty); see also State v. Taylor, 108 R.I. 114, 117,272 A.2d 680, 681 (1971) (use of word "may" in statute connotes discretionary, rather than mandatory, action). Furthermore, were a cease and desist order "implied in any informal settlement," the above provision would have no purpose in the statute. The court will avoid reading the statute in such a manner. SeeCocchini v. City of Providence, 479 A.2d 108, 111 (R.I. 1984) (court should not interpret statute in a manner rendering it devoid of any purpose); see also 2A Singer, Sutherland StatutoryConstruction, § 45.12 at 61 (5th ed. 1992) ("[i]t cannot be presumed that the legislature would do a futile thing").
The Commission's contention also overlooks the fact that should Dionne later be convicted of a violation of the Code of Ethics, he would be subject not only to the penalties provided under the Code, but also to a criminal contempt sanction. SeePrecious Metals Assoc. v. Commodity Futures Trading Com'n,620 F.2d 900, 912 (1st Cir. 1980) (violation of cease and desist order carried "attendant penalties" in addition to those sanctions available under relevant statutes); cf. United Statesv. Schafer, 600 F.2d 1251, 1253 (9th Cir. 1979) (defendant convicted of criminal contempt for violation of consent order). As a result, issuance of the cease and desist order is improper.[3]
The Commission's inclusion of a suggestion of review by the appointing authority of Woonsocket is not enumerated under G.L. § 36-14-13. However, the Commission contends that because removal of public officials is allowed under the Code of Ethics, the lesser sanction of suggesting a review by the appointing authority is implicitly allowed as well. The court declines to accept this contention, relying instead on a settled maxim of statutory interpretation.
The principle of expression unius est exclusio alterius suggests that where specific items are enumerated in a statute, there is an inference that omissions should be understood as exclusions. See In re Advisory Opinion, 485 A.2d 550, 555 (R.I 1984); see also 2A Singer, Sutherland Statutory Construction, § 47.23 at 216-17 (5th ed. 1992). Where the Commission's enabling statute does not expressly provide for the sanction imposed, the court is unwilling to recognize its existence. While the principle of expression unius is merely an interpretive aid,Advisory Opinion, 485 A.2d at 556, the fact that interpretation of an administrative agency's power is involved serves to strengthen the inference to the point where the court finds it controlling. See Ronci, 561 A.2d at 881 (agency had no authority to impose civil penalties where that power not expressly enumerated in enabling statute); see also 3 Singer SutherlandStatutory Construction, § 65.02 (5th ed. 1992) (noting that statutes granting powers to administrative agencies are to be strictly construed).
For the reasons stated herein, the court finds the Order of the Commission was made in excess of statutory authority. The case is therefore remanded to the Commission with instructions to modify the Order by striking out the offending provisions so that it may accurately reflect the agreement of the parties.
[1] The parties agreed that Dionne could argue for a lesser penalty.
[2] The court recognizes that the Commission has not explicitly argued that it enjoys the power to modify informal dispositions. Rather, the Commission essentially objects to the present appeal on the grounds that subsequent action by the Commission in this case has not modified the informal disposition.
[3] While the court is reluctant to substitute its judgment for that of the Commission, it should be noted as an aside that the necessity of a cease and desist order in this matter appears questionable at best. See. e.g., N.L.R.B. v. Beth Israel Hosp.,554 F.2d 477, 483 (1st Cir. 1977) (solitary infraction of statute insufficient to warrant imposition of cease and desist order),aff'd 437 U.S. 483 (1978); Grand Union Co. v. F.T.C., 300 F.2d 92, 100 (2nd Cir. 1962) (while administrative agencies have broad discretion to enjoin unlawful practices, this discretion does not permit injunction of all violations simply because one has previously been found); People v. Freemont Energy Corp., 651 P.2d 802, 805 n. 3 (Wyo. 1982) (applicability of cease and desist order to past statutory violations is questionable).